DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-555-FDW
(3:06-cr-151-FDW-DCK-3)

| | |
|---|---|
| MICHAEL ATTILIO MANGARELLA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

THIS MATTER is before the Court on Petitioner's "Motion for Court Review and Correction of Clerk Error," (Doc. No. 18), on the Government's Response in Opposition, (Doc. No. 21), and on Petitioner's "Motion for Out of Time Reconsideration Pursuant to Instructions in FRAP 10(e)," (Doc. No. 22).

Petitioner was convicted in this Court on October 1, 2009, following a jury trial, of wire fraud and conspiracy to commit wire fraud. (Crim. Case No. 3:06-cr-151, Doc. No. 471: Judgment). Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence. Petitioner then filed a motion for rehearing and rehearing en banc, which was denied. On October 1, 2013, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which motion this Court denied on April 22, 2014. Petitioner filed his notice of appeal with the Court of Appeals on August 8, 2014, well beyond the sixty-day filing period to do so. See FED. R. APP. P. 4(a)(1)(B). The Fourth Circuit dismissed the appeal as untimely by Order dated December 23, 2014. United States v. Mangarella, 589 Fed. App'x 89 (4th Cir. 2014). The Fourth Circuit specifically noted in its order of dismissal that "[a]lthough

1

Mangarella included, in materials submitted to this court, a notice of appeal he had dated June 9, 2014, the district court did not receive that document. The materials received by this court and transmitted to the district court pursuant to Fed. R. App. P. 4(d) were dated August 8, 2014." (Id. at fn.*.).

Petitioner has now filed the two pending motions in this Court, in which he asserts that he did timely file a notice of appeal by delivering it to his prison mailroom within the filing period.[1] Petitioner asserts that the Clerk of this Court failed to log his notice of appeal as filed on the date that he claims to have delivered it to the prison mailroom for transmission to this Court. Petitioner claims that he actually sent a notice of appeal on June 19, 2014. In its Response, the Government states that neither this Court, the Fourth Circuit Court of Appeals, the U.S. Attorney's Office for the Western District of North Carolina, nor the U.S. Department of Justice received that notice of appeal, nor is the notice of appeal contained in any electronic case docket involving Petitioner. The Government further asserts that counsel for the Government has also checked with the prison mailroom for Petitioner's BOP facility and has confirmed that Petitioner did not mail anything on June 19, 2014. The Government states in its Response that, based on the record provided by the prison mailroom, Petitioner did deliver something to the BOP mailroom for mailing on June 20, 2014. This item was addressed to "Clerk" at "401 (or perhaps 701) W Trade St Charlotte, NC 28202." (Doc. No. 23-1 at 1). The Government asserts that whatever was delivered to the prison mailroom was never received by the Clerk of this Court.

---

[1] In his second motion, titled in the caption as "Emergency Rule 37 Statement Requesting an Application for Out-of-Time Reconsideration and Review of a Sentence Imposed in Violation of Records Accuracy Laws and Constitution," Plaintiff appears to be requesting this Court to notify the Fourth Circuit Court of Appeals as to how this Court is inclined to rule on Plaintiff's first motion.

Pro se inmates are generally entitled to the benefit of the "prison mailbox rule," under which courts regard a petition or motion as having been filed when delivered to prison authorities for mailing to the court. Houston v. Lack, 487 U.S. 266, 276 (1988). However, if there is a discrepancy between when the inmate claims to have delivered the mailing to prison authorities and when the addressee received it, the inmate must present "independent proof of the mailing date, such as mail logs, prison trust fund records, or receipts for postage" before the inmate may take advantage of the rule. Lewis v. United States, No. 7:07CV00514, 2008 WL 190763, at *2 (W.D. Va. Jan. 21, 2008). See also Smallwood v. Young, 425 F. Supp. 2d 717, 727 (E.D. Va. 2006).

Here, Petitioner attempts to use Federal Rule of Civil Procedure 77(c)(2) and 28 U.S.C. § 2072(b) to seek relief from an adverse judgment—a "Motion for Court Review and Correction of Clerk Error." While Rule 77(c)(2) discusses the Clerk of Court, and 28 U.S.C. § 2072(b) discusses the authority of the Federal Rules, neither Rule 77(c)(2) nor 28 U.S.C. § 2072(b) provides the relief sought by Petitioner. Rule 77(c)(2) states as follows: "Subject to the court's power to suspend, alter, or rescind the clerk's action for good cause, the clerk may: (A) issue process; (B) enter a default; (C) enter a default judgment under Rule 55(b)(1); and (D) act on any other matter that does not require the court's action." FED. R. CIV. P. 77(c)(2). Section § 2072(b) of Title 28 of the United States Code, part of the Rules Enabling Act, states, "Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Neither Rule 77(c)(2), 28 U.S.C. § 2072(b), nor any other authority cited in Petitioner's motion, provides a mechanism for Petitioner to obtain relief from the Fourth Circuit's dismissal of his appeal as untimely. Indeed, a "Motion for Court Review and Correction of Clerk Error" is

authorized nowhere in the Federal Rules of Civil or Criminal Procedure. To the extent that Petitioner intended to rely on Rule 60's provisions regarding clerical errors or other grounds for relief from a final judgment, order, or proceeding, Petitioner's motion is still denied. That is, Plaintiff has simply not shown that any clerical error was made in this action. As the Government notes, Petitioner is appearing to make an effort to make an "end run" around the Fourth Circuit's dismissal of his appeal as untimely. If this is the case, Petitioner's remedy, if one exists, is with the Fourth Circuit.

In sum, for the reasons stated herein, Petitioner's Motion for Court Review and Correction of Clerk Error, (Doc. No. 18), and Petitioner's Motion for Out of Time Reconsideration Pursuant to Instructions in FRAP 10(e), (Doc. No. 22), are both **DENIED**.

Frank D. Whitney
Chief United States District Judge