DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-555-FDW
(3:06-cr-151-FDW-DCK-3)

| | |
|---|---|
| MICHAEL ATTILIO MANGARELLA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Relief from Final Judgment under Fed. R. Civ. P. Rule 60(b)(6)." (Doc. No. 26). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion.

I.   BACKGROUND

On September 18, 2008, a jury convicted movant Michael Attilio Mangarella in this Court of conspiracy to defraud the United States, 18 U.S.C. § 371, and multiple counts of wire fraud, 18 U.S.C. § 1343, 18 U.S.C. § 2, after he was extradited from Costa Rica where he and others operated a fraudulent sweepstakes scheme aimed at U.S. citizens. (Crim. Case No. 3:06-cr-151-FDW-DCK-3, Doc. Nos. 341; 342: Jury Verdict). This Court ultimately sentenced Petitioner to a term of 360 months' imprisonment. (Id., Doc. No. 573: Amended Judgment). Petitioner appealed and the Fourth Circuit affirmed in an unpublished opinion on July 10, 2012. (Id., Doc. No. 617).

On September 30, 2013, Petitioner filed the underlying pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Id., Doc. No. 633). On April 22, 2014, this Court

1

denied the motion to vacate on the merits and with prejudice. (Id., Doc. No. 635). Petitioner appealed and on December 24, 2014, the Fourth Circuit Court of Appeals dismissed the appeal.[1] (Id., Doc. No. 639). Four years later, on January 22, 2018, Petitioner filed the pending motion for relief from judgment under Rule 60(b)(6).

II. **DISCUSSION**

In his pending motion, Petitioner seeks to be given the opportunity to raise "obvious and meaningful ineffective assistance of trial counsel claims" that he states he was unable to raise in his underlying Section 2255 petition, as a result of Petitioner's "ignorance of law and court procedure." (Doc. No. 26 at 1). Despite Petitioner's characterization of his filing, Petitioner's claim is in substance a successive petition. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (stating that district courts "classify pro se pleadings from prisoners according to their contents, without regard to their captions"). Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of

---

[1] Additionally, on June 10, 2016, Petitioner filed a motion titled "Letter-Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause [See Principles in 18 U.S.C. 3582(c)(1)(A)(i), 3582(c)(2), 3553(a), 3585(b), FRCrimP 45(b)(1), Setser, S. Ct. (2012), Johnson, S. Ct. (2015), Welch, S. Ct. (2016), 28 U.S.C. 2072(b), and 42 U.S.C. 1988)." (Civ. No. 3:16cv334, Doc. No. 1). On June 15, 2016, this Court denied Petitioner's motion as an unauthorized successive petition. (Id., Doc. No. 2).

Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's pending motion because the motion is in substance a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file a successive petition.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's "Motion for Relief from Final Judgment under Fed. R. Civ. P. Rule 60(b)(6)," (Doc. No. 26), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 26, 2018

Frank D. Whitney
Chief United States District Judge